UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
OKECHUKWU AKOMA						Case No.

        Plaintiff,

                                  **COMPLAINT**

    -against-				*PLAINTIFF DEMANDS*

                                  *A TRIAL BY JURY*

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION
AND BELLEVUE  HOSPITAL
CENTER CATHETER LAB

        Defendants,
-------------------------------------------------------------X

      Plaintiff, OKECHUKWU AKOMA by his attorneys THE LAW OFFICES OF ROBERT M. FOX, hereby complains of the Defendants, upon information and belief, as follows:

**NATURE OF THIS CASE**

1. Plaintiff complains pursuant to  42 U.S.C section 1981, 42 U.S.C section 1983,  the New York State Human Rights Law, New York State Executive Law § 296, et seq. ("NYSHRL"), the New York City Human Rights Law, and the New York City Administrative Code § 8-107(1), et seq. ("NYCHRL"),  and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated, retaliated against and wrongfully terminated by Defendant solely due to his race.  disabilities and /or perceived disabilities. This is a civil action for damages and other remedies brought by Plaintiff in connection with the Defendant's

1

termination of his employment, retaliation and hostile environment based on his race and color in violation of 42 USC section 1981 and 1983.

2. Plaintiff seeks compensatory and punitive damages, attorneys' fees, and other appropriate relief under 42 USC sections 1981 and 1983, New York State Human Rights Law (N.Y. Executive Law section 290 et seq) and the New York City Administrative Code section 8-101 et seq.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper under 42 USC section 1981 and 42 USC section 1983 and 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over the claims Plaintiff brings under state and city laws pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. § 1391(b).

## PARTIES

6. At all times relevant hereto, Plaintiff OKECHUKWU AKOMA (hereinafter, "Plaintiff" or "Akoma") is a resident of the State of New York, County of Bronx and was a "person" and an "employee" entitled to protection as defined by the 42 USC sections 1981 and 1983 and, the NYSHRL, and NYCHRL.

7. At all times relevant hereto, Defendant New York City Health and Hospitals Corporation, (hereinafter, "NYCHHC"), is a hospital duly existing pursuant to, and by virtue of the laws

of the State of New York, with its principal executive office located at **125 Worth Street New York, New York 10013**. On information and belief, it is controlled by the State of New York.

8. At all times mentioned herein NYCHHC owned and managed Bellevue Hospital Center Catheter Lab (hereafter "Bellevue Catheter Lab"), located at 462 First Avenue, New York, New York 10016.

9. On information and belief, NYCHHC has at least 40,000 employees

10. On information and belief, Bellevue Hospital Catheter Lab has over 25 employees.

## FACTS

11. From August 2020, Plaintiff worked at the Bellevue Hospital Catheter Lab, located at 462 First Avenue, New York, New York 10016 which is controlled and operated by New York City Health and Hospitals Corporation. He is both African and Black.

12. Mr. Akoma had previously worked in the emergency room at Bellevue Hospital.

13. On November 20, 2018, while working in the emergency room, he was severely injured by a patient who attacked him. As a result of this assault, which occurred while he was fulfilling his duties, he needed two surgeries (neck fusion and a labrum tear). He was on disability for about a year. Because of the extent of his injuries and the fact that he was not cleared to do heavy lifting, he was unable to return to his previous position and needed to wear a collar.

14. Subsequent to Plaintiff's return from disability, he started working at HHC Bellevue Catheter Lab as a staff nurse in August 2020.

15. During the course of his employment at the HHC Bellevue Catheter lab, he was subjected to a pattern of harassment and mockery from other employees as well as by his supervisors. When he complained of such treatment, he was retaliated against.

16. Akoma is African and was the only Black employee (other than Dave Powell) working at the lab at that time. The other employees were predominantly Asian or Caucasian.

17. During discussions with Dave Powell, he constantly referenced the fact that Akoma was Black and compared him to "Kenny." "Kenny" was another Black nurse who had worked for the department and, on information and belief, been forced to leave due to harassment and discriminatory conduct by Defendants. .

18. NYCHHC and Bellevue Catheter Lab had a custom and practice of discriminating and retaliating against Black employees.

19. In January 2021, plaintiff was informed by a patient that the rest of the staff were "talking shit" "about him. The department failed to conduct evaluations or provide him with additional training. He was harassed on a regular basis. For example, he was written up for wearing sweats in a freezing cold lab although other non-Black employees were not written up or disciplined for wearing sweats.

20. In April 2021, Plaintiff complained of such discriminatory practices to supervisors. As a result, he was told by Mel deChavez and Rosemary Rogers to resign or be terminated. Plaintiff refused to do either and understands now that they were informed by the assistant director of nursing that they were not allowed to terminate him.

21. At that time, Defendants refused to assist Plaintiff and falsely claimed that Plaintiff could not read an EKG and that he was not good at "leadership", although he was not in a supervisory position.

22. Plaintiff became very stressed and anxious from his working conditions. In an effort to alleviate the stress and anxiety, he requested training, which Defendants denied. On June 14, 2021, Plaintiff was forced to go out on medical leave due to his continuing neck pain which was exacerbated and worsened by stress.

23. When it became clear that because of the severity of his condition, his medical leave would not be short-term, Plaintiff asked Bellevue to designate him as "leave without pay." On information and belief, this had been done for other employees (non-Black and non-African) for as long as five years.

24. Plaintiff was terminated on October 17, 2022. At the time of the termination, he was not offered any accommodation, although he had requested this. On information and belief, plaintiff believes that this is because he is African and Black and because he had previously protested his treatment.

25. Plaintiff was terminated based upon racial discrimination in violation of Sections 1981 and 1983 of the Civil Rights Act of 1866 Section 1983 as well as under other statutes.

26. Plaintiff was one of only 2 Black employees in the Bellevue Catheter Lab. Most of the people working at were of Asian descent or Caucasian. Previous Black employees such as "Cekina" left because of similar discriminatory treatment as experienced by Plaintiff.

27. Other non-Black employees were given the opportunity to remain on leave without pay during their recovery period or were transferred to other positions upon request for such accommodations.

28. Plaintiff was never given proper evaluations but only received sporadic criticisms. His requests for training were denied.

29. The reasons given by Defendants for Plaintiff's termination were pretextual as he was never offered a reasonable accommodation which would have allowed him to return to work subsequent to his injury in the workplace.

30. Plaintiff was subjected to a hostile environment because of racial discrimination and on the basis of his color (Black).

31. Plaintiff is an individual who is protected under Sections 1981 and 1983 of the Civil Rights Act.

32. Other similarly situated employees who were not Black or African and/or did not oppose the Defendants' discriminatory practices were not subjected to the same retaliatory treatment.

33. Because of the discrimination Plaintiff suffered from the actions of his employers and he is now unemployed. His disability payments are substantially less than his salary. He lost medical coverage at a time when he needed it and such loss led to his condition being aggravated. Thus, he lost salary as well as benefits. This is a continuing harm.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
UNDER U.S.C. SECTION 1981**

34. Plaintiff repeats and alleges each and every allegation made in the above paragraphs 1-33 of this Complaint.

35. In violation of Section 1981, as set forth above, Defendants intentionally and willfully discriminated against Plaintiff on the basis of his race and color.

36. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, substantial monetary damages, including, but not limited to loss of income, including past and future salary.

37. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and continues to suffer, substantial non- monetary damages, including but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

38. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, physical injuries and medical treatment, punitive damages, attorney's fees and costs and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
### Violations of 42 U.S.C. section 1983 Custom, Practice and Policy Claim

39. Plaintiff repeats and alleges each and every allegation made in the above paragraphs 1-38 of this Complaint.

40. Defendants' acts and omissions in discriminating and retaliating against Plaintiff in violation of Plaintiff's rights were taken pursuant to a customer, practice and/or policy of the NYCHHC.

41. Plaintiff alleges that NYCHHC, as a matter of custom, practice and/or de facto policy, through its policymakers, including the Bellevue Catheter Lab, at all times relevant hereto, maintained a custom, practice and/or policy of punishing Black and/or African employees who spoke out against discrimination and retaliatory practices.

42. This custom, practice and/or policy of NYCHHC posed a risk of violating employees' constitutional rights.

43. NYCHHC, through its policymakers should have known that its policies posed such a risk, given that the policy was inconsistent with and operated to deny employees' rights under applicable law as well as NYCHHC Office of Labor Relations Rules, Regulations, policies and procedures.

44. As a result of bypassing applicable laws and regulations, Plaintiff's constitutional rights were violated as described above.

45. Upon information and belief, the custom, practice and/or policy of punishing Black and/or African employees who spoke out against discrimination and retaliatory practices, including but not limited to, threats of termination, unjustifiable discipline and refusal to accommodate Plaintiff's injuries is reflected in the actions taken against Plaintiff as well as their termination of other Black employees.

46. The acts and/or omissions by NYCHHC employees constituted a deprivation of Plaintiff's constitutional rights.

47. NYCHHC's custom, practice and/or policy proximately caused Plaintiff's injuries.

48. Accordingly, NYYCHHC and the Bellevue Catheter Lab, component units of the City of New York may be held accountable and liable under 42 U.S.C. section 1983.

## THIRD CAUSE OF ACTION
### (New York State Human Rights Law – N.Y. Exec. Law § 296(6) – Aiding and Abetting Discrimination)

49. Plaintiff repeats and alleges each and every allegation made in the above paragraphs 1-48 of this Complaint.

50. In violation of the NYSHRL, Defendants aided and abetted discrimination against Plaintiff on the basis of his Race and color.

51. As a direct and proximate result of Defendants' aiding and abetting discrimination against Plaintiff, he has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

52. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damages to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

53. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

54. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages. Including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal equitable relief as this Court deems just and proper.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### (NEW YORK STATE EXECUTIVE LAW SECTION 296)

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs 1-54 of this Complaint.

56. <u>New York State Executive Law</u> § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, *disability*, predisposing genetic characteristics, marital status, or domestic violence victim status, … to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

57. Plaintiff was subjected to discrimination that was solely on the basis of his race and color.

58. As a result of the acts and conduct complained herein, Plaintiff has suffered, and will continue to suffer emotional distress, special damages, inconvenience, loss of increase in income, benefits, and other compensation which such employment entails, loss of enjoyment of life, depression, anxiety, fear, anger, emotional pain and suffering, and other non-pecuniary losses.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(RETALIATION UNDER NEW YORK STATE EXECUTIVE LAW)**

59. Plaintiff repeats and alleges each and every allegation made in the above paragraphs 1-58 of this Complaint.

60. Executive Law § 296 provides that "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

61. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendants.

62. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal equitable relief as this Court deems just and proper.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
### (UNDER NEW YORK CITY ADMINISTRATIVE CODE 8-107)

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs 1-62 of this Complaint.

64. The Administrative Code of City of NY § 8-107 [1] provides that:

    It shall be an unlawful discriminatory practice: (a) For an employer or an employee or an employee agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employments such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

65. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminatory against Plaintiff because of his race and color.

66. During his employment for Defendants, Plaintiff was perceived and known by Defendants to be Black and African.

67. Defendant retaliated against Plaintiff based upon his race and color.

68. Defendant's conduct was willful and in violation of the New York City Human Rights Law § 8-107.

69. As a result of the acts and conduct complained herein, Plaintiff has suffered, and will continue to suffer emotional distress, special damages, inconvenience, loss of increase in income, benefits, and other compensation which such employment entails, loss of enjoyment of life, depression, anxiety, fear, anger, emotional pain and suffering, and other non-pecuniary losses.

### AS A SEVENTH CAUSE OF ACTION FOR RETALIATION
### (NEW YORK CITY ADMINISTRATIVE CODE 8-107(7)

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs 1-69 of this Complaint.

71. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer … to discharge … or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…"

72. Defendants violated the section cited herein as set forth above in that it retaliated against Plaintiff for opposing discriminatory practices.

73. As a result of the acts and conduct complained herein, Plaintiff has suffered, and will continue to suffer emotional distress, special damages, inconvenience, loss of increase in income, benefits, and other compensation which such employment entails, loss of enjoyment

of life, depression, anxiety, fear, anger, emotional pain and suffering, and other non-pecuniary losses.

## PUNITIVE DAMAGES

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs 1-73 of this Complaint.

75. Plaintiff is entitled to the maximum amount allowed under this statute/law.

76. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

77. As such, punitive damages are appropriate as a result of Defendants' above-described conduct and Plaintiff demands Punitive Damages against the Defendants.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff prays for relief as follows:

    An award of damages, according to proof including liquidated damages, to be paid Defendants;

    Penalties available under applicable laws;

    An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, liquidated damages, and punitive damages, to be paid by Defendants;

    Costs of action incurred herein, including expert fees;

Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

Pre-judgment and post-judgment interest, as provided by law; and

Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: November 17, 2023
New York, New York

                Respectfully submitted,
                **THE LAW OFFICES OF ROBERT M. FOX**
                Attorney for the Plaintiff

BY:     /s/ Susan Adler
                Susan Adler, Esq.
                The Law Offices of Robert M. Fox
                630 Third Avenue, 18th Floor
                New York, NY 10017