**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY

> **APPLICATION DENIED**
> **SO ORDERED** /s/ Vernon Broderick
> **VERNON S. BRODERICK**
> **U.S.D.J.**   4/29/2024
>
> Having considered the relevant factors, including whether Defendants have made a "strong showing" that Plaintiff's claims are "unmeritorious," "the breadth of discovery and the burden of responding to it," and "the risk of unfair prejudice to the party opposing the stay," *Alapaha View Ltd. v. Prodigy Network, LLC*, 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021), I find that Defendants have not met their burden to show good cause why discovery should be stayed. The Clerk of Court is respectfully directed to terminate the open motion at Doc. 38.

**Via CM/ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

Re:   *Akoma v. New York City Health and Hospitals Corporation*, et al.
       Case No. 1:23-CV-10181-VSB
       Law Dep't File No. 2023-110648

Dear Judge Broderick:

I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing Defendants, the New York City Health and Hospitals Corporation, doing business as NYC Health + Hospitals, and the Bellevue Hospital Center Catheter Lab (collectively, "Defendants"), in the above-referenced matter. In accord with Your Honor's Individual Rules and Practices, I write to respectfully request that all discovery-related deadlines be stayed pending the Court's ruling on Defendants' Motion to Dismiss the Amended Complaint, which was filed earlier today and is docketed at ECF No. 36.

Defendants sought this same relief in a letter-motion filed with the Court on April 12, 2024. *See* ECF No. 32. At that time, Plaintiff, Okechukwu Akoma ("Plaintiff"), consented to the requested stay but disagreed with Defendants' characterization of their anticipated motion to dismiss as "hav[ing] substantial grounds." ECF No. 32 at 1. On April 15, 2024, the Court denied, without prejudice, the motion, reasoning that, "[b]ecause Defendants have not yet filed their motion to dismiss, their motion to stay all discovery pending my ruling on Defendants' motion to dismiss is premature." ECF No. 34 at 1. The Court then ruled that Defendants could re-file their motion after they filed their motion to dismiss. *See id.*

Plaintiff now opposes Defendants' request for a stay on the grounds that "[i]t is creating undue delays" and "[w]e can exchange documents pursuant to Rule 26 quickly during the pendency of the motions without engaging in time consuming depositions."

Under Federal Rule of Civil Procedure 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause' shown." *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). This Court has previously held that a stay of discovery pending resolution of a potentially dispositive motion is appropriate "where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citation and internal quotation marks omitted) (alterations in original); *see also Thrower v. Pozzi*, No. 99 Civ. 5871(GBD), 2002 WL 91612, 2002 U.S. Dist. LEXIS 1035, at *22 (S.D.N.Y. Jan. 24, 2002) (explaining that district courts may "stay discovery when resolution of a preliminary matter may dispose of the entire case" (citing *Association v. Republic of Ecuador*, No. 98 Civ. 8650 (BSJ), 1999 U.S. Dist. LEXIS 4815, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999))).

Defendants' motion to dismiss sets forth substantial legal bases for dismissal, as amply set forth therein, and is potentially case dispositive. *See Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, 2021 U.S. Dist. LEXIS 89789, at *7 (S.D.N.Y. May 10, 2021) (staying discovery pending resolution of motion to dismiss because that motion was "potentially dispositive, and appear[ed] to be not unfounded in the law" (quoting *Negrete v. Citibank, N.A.*, No. 15 Civ. 7250 (RWS), 2015 WL 8207466, 2015 U.S. Dist. LEXIS 163773, at *3 (S.D.N.Y. Dec. 7, 2015))); *Tsinberg v. City of New York*, No. 20 Civ. 749 (PAE) (SLC), 2020 WL 6807677, 2020 U.S. Dist. LEXIS 217002, *2–3 (S.D.N.Y. Nov. 19, 2020) ("The Court finds that there is good cause to stay discovery pending a ruling on the Motion for Dismiss because granting the Motion to Dismiss could dispose of the entire case" (internal citation omitted)).

Because Defendants' motion to dismiss is potentially case dispositive and this proceeding is at a preliminary stage, it would be wasteful for the parties to engage in the time and cost associated with discovery. *See Nieves v. Just Energy N.Y. Corp.*, No. 17-CV-561S, 2020 WL 6720871, 2020 U.S. Dist. LEXIS 213610, at *12 (W.D.N.Y. Nov. 13, 2020) ("[I]t would be wasteful for the parties to engage in extensive discovery prior to a ruling on a motion to dismiss." (citation and internal quotation marks omitted)); *see also* Fed. R. Civ. P. 1. In addition:

> [a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue. At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice.

*Spinelli v. NFL*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, 2015 U.S. Dist. LEXIS 155816, at *2 (S.D.N.Y. Nov. 17, 2015) (alteration in original) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).

The circumstances, accordingly, favor a stay.

For the reasons stated herein, Defendants respectfully request that their application for a stay be granted and that all discovery be stayed pending the resolution of their Motion to Dismiss the Amended Complaint.

Respectfully submitted,

/s/
Zachary T. Ellis
Assistant Corporation Counsel

cc: Susan Lori Adler (via CM/ECF)